UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CATHY CEASARIO REPP, <br> and EUGENE REPP, <br><br> Plaintiffs, <br><br> vs. <br><br> MURPHY OIL CORPORATION, a <br> corporation, and MURPHY OIL USA, a <br> corporation, d/b/a MURPHY USA, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 08 C 50034 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

AMENDED COMPLAINT
COUNT I

NOW COMES the Plaintiff, CATHY CEASARIO REPP, by her attorneys, CLARK, JUSTEN & ZUCCHI, LTD., and complaining of the Defendants, MURPHY OIL CORPORATION, a corporation, and MURPHY OIL USA, a corporation, d/b/a MURPHY USA, INC., states as follows:

1.    This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code §1332, in that the Plaintiffs, CATHY CESARIO REPP and EUGENE REPP, are citizens of the State of Illinois and the Defendants, MURPHY OIL CORPORATION, a corporation, and MURPHY OIL USA, a corporation, d/b/a MURPHY USA, INC., are citizens of and incorporated in the State of Delaware, and their principal place of business is in the State of Arkansas. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

2.    That the Defendants, MURPHY OIL CORPORATION and MURPHY OIL USA, INC., are Delaware corporations, with their principal place of business in the

State of Arkansas, and are doing business in Boone County, Illinois, as a gas station and convenience store known as MURPHY USA, located at 2005 Gateway Center, Belvidere, Boone County, Illinois.

    3.    That on or about December 5, 2007, in the late afternoon or early evening, the Plaintiff was a customer and invitee on the Defendants' premises at 2005 Gateway Center, Belvidere, Boone County, Illinois.

    4.    That while attempting to purchase certain items from said gas station and convenience store and while standing in front of the checkout counter, the Plaintiff was suddenly and without warning, struck violently in the head and about the body by a falling display positioned at or near the check-out counter in said premises.

    5.    That Defendants, their agents, employees and apparent agents were then and there negligent in one or more of the following ways:

    a.    Failed to secure or mount said display in a stable position;

    b.    Failed to mount said display in a location within the premises where it would not be subject to inadvertent impact by employees or others lawfully upon the premises, which impact could cause it to fall, thereby creating an unreasonable danger to persons lawfully upon the premises;

    c.    Placed a display in close proximity to the checkout station in such a manner that Defendants knew or should have known that employees or others lawfully upon the premises would come in contact with the display causing it to fall;

    d.    Placed a display in such a manner that Defendants knew or should have known was unstable in that it could cause the display to fall with only slight contact by an employee or other person lawfully upon the premises;

    e.    Failed to warn customers of the unreasonably dangerous condition existing on the premises when the Defendant knew or in the exercise of reasonable care should have known that persons would be, in the ordinary course of shopping, in close proximity to the display or part thereof.

  f. Allowed an area of its premises to be and remain in an unstable condition where it was reasonably foreseeable that persons such as the Plaintiff, CATHY CESARIO REPP, would be in close proximity to the display in the ordinary course of shopping;

  g. Failed to correctly secure, mount, display or otherwise install said display or part thereof to prevent it from shifting, tipping and/or falling;

  6. That at a result thereof, the Plaintiff sustained severe and permanent bodily injuries, both internally and externally, has suffered pain in the past and continues to suffer pain at the present time. She has sustained loss of her normal life, has become liable for large sums of money for medical expenses in endeavoring to be cured and healed of her injuries, and will continue to incur expenses for medical care and treatment in the future.

  WHEREFORE, the Plaintiff, CATHY CEASARIO REPP, prays for judgment against the Defendants, MURPHY OIL CORPORATION, a corporation, and MURPHY OIL USA, a corporation, d/b/a MURPHY USA, INC., in an amount in excess of $75,000.00 plus costs of suit.

<u>COUNT II</u>

  NOW COMES the Plaintiff, EUGENE REPP, by his attorneys, CLARK, JUSTEN & ZUCCHI, LTD., and complaining of the Defendants, MURPHY OIL CORPORATION, a corporation, and MURPHY OIL USA, INC., a corporation, d/b/a MURPHY USA, INC., states as follows:

  1-6. Plaintiff realleges and reaffirms paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of this Count II as though fully set forth verbatim herein.

  7. The Plaintiff, EUGENE REPP, is the husband of the Plaintiff, CATHY CEASARIO REPP.

8.  Due to the injuries to the Plaintiff, CATHY CEASARIO REPP, the Plaintiff, EUGENE REPP, has been deprived of the services, support and society of the Plaintiff, CATHY CEASARIO REPP.

WHEREFORE, the Plaintiff, EUGENE REPP, prays for judgment against the Defendants, MURPHY OIL CORPORATION, and a corporation, MURPHY OIL USA, INC., a corporation, d/b/a MURPHY USA, INC., in an amount in excess of $75,000.00 plus costs of suit.

        CATHY CEASARIO REPP and
        EUGENE REPP

        BY CLARK, JUSTEN & ZUCCHI, LTD.

            /s/ Robert H. Clark
        BY_____
            Robert H. Clark

Robert H. Clark, #172
CLARK, JUSTEN & ZUCCHI, LTD.
7320 N. Alpine Road
Rockford, IL  61111
(815) 962-6144